IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JONES | § | |
| (TDCJ No. 1169005), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:19-cv-1462-L-BN |
| | § | |
| LORIE DAVIS, ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Kevin Jones, a Texas prisoner and frequent litigant, filed this *pro se* action on the form for filing petitions for a writ of habeas corpus under 28 U.S.C. § 2254, but he does not seek habeas relief and instead asserts claims against officials at TDCJ's Eastham Unit – possibly related to lost property. *See* Dkt. No. 3. Jones has moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. And his action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should construe Jones's claims as civil in nature and summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Jones pays the full filing fee of $400.00.

**Applicable Background, Legal Standards, and Analysis**

As the United States Court of Appeals for the Fifth Circuit put the question in an action brought by a state prisoner,

> [b]oth 28 U.S.C. § 2254 and 42 U.S.C. § 1983 offer relief to those improperly confined by the government. Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983.

*Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted).

Jones challenges neither the fact nor duration of his confinement. As shown by the grievances attached to his petition, he appears to challenge a deprivation of his property and his treatment by prison officials. Such claims are civil in nature. *Cf. Jackson v. United States*, No. 3:18-cv-265-M-BN, 2018 WL 2164526, at *1 (N.D. Tex. Apr. 16, 2018) ("While Jackson's Replevin Complaint has been docketed as a petition for writ of mandamus, this Court must construe a prisoner's *pro se* filings, no matter how labeled, based on the relief sought."), *rec. accepted*, 2018 WL 2151328 (N.D. Tex. May 10, 2018); *Reed v. Thaler*, No. 2:11-cv-93, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011) (A petitioner who "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release [from incarceration], which is available in a habeas corpus action pursuant to 28 U.S.C. § 2254," seeks "two forms of relief that cannot be obtained in the same suit."), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011).

Prisoners may not proceed IFP if, while incarcerated or detained in any facility,

they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Jones is subject to this three-strikes bar. *See, e.g., Jones v. Spurlock*, No. 3:19-cv-66-G-BT (N.D. Tex.), Dkt. No. 6 at 2 (finding that Jones "has accrued three strikes under § 1915(g)" (citing *Jones v. Bd. of Pardons & Parole*, No. 18-11555 (5th Cir. Jan. 4, 2019) (finding that he was barred from proceeding IFP due to three strikes and dismissing appeal for failure to pay the filing fee))); *id.*, Dkt. No. 9 (judgment dismissing Jones's action as barred by Section 1915(g)).

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical

injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

Thus, the "specific allegations" must reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms – which should be corroborated by medical records or grievances – is not sufficient to allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam). And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Jones's current civil action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his petition lacks substantive factual allegations – that are also not fanciful, fantastic, or delusional – to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g). The Court should therefore bar Jones from proceeding IFP. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

The Court should construe Kevin Jones's current claims as civil in nature and

summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Jones pays the full filing fee of $400.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 27, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE