IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN JONES, TDCJ # 1169005,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-1462-L** |
| | § | |
| **LORIE DAVIS-DIRECTORS TDCJ-CID;** | § | |
| **M. BULORLY; K. HOHO; and** | § | |
| **B. JOHNSON,** | § | |
| | § | |
| Respondents. | § | |

## ORDER

On June 27, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court summarily dismiss without prejudice this action as barred by 28 U.S.C. § 1915(g) unless Petitioner pays the full filing fee of $400 within the time for filing objections to the Report or by another deadline established by the court. The magistrate judge also concluded that Petitioner's pleadings do not establish that he is currently in imminent danger for purposes of satisfying the exception to the "three strikes" bar applicable to prisoner lawsuits. In addition, the magistrate judge notes that, while filed as a habeas action, Petitioner does not challenge the basis for or duration of his incarceration and, instead, appears to challenge a deprivation of his property and his treatment by prison officials.

Instead of filing objections to the Report, Petitioner filed a notice of "Office of Inspector General Complaints" (Doc. 9) and four motions that include requests to amend his habeas petition and a request for extension, but not an extension of the deadline for filing objections (Docs. 6-8, 10). These filings were entered between July 16, 2 019, and October 18, 2019. Before the Report issued,

Petitioner also filed a motion to proceed *in forma pauperis* on June 20, 2019 (Doc. 4). Petitioner, however, has failed to pay the full amount of the filing fee of $400 and, as best as the court is able to ascertain, Petitioner's illegible filings do not address the matters in the Report, including the magistrate judge's imminent danger finding and the deadline set for paying the filing fee in the absence of another deadline established by this court.

Accordingly, having carefully reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court; and **dismisses without prejudice** this action under 28 U.S.C. § 1915(g) for failure to pay the full amount of the requisite filing fee as ordered. Petitioner will not be allowed to pursue the claims asserted in this action unless he first pays the $400 filing fee. Further, the court **directs** the clerk to term all pending motions, which are moot in light of the court's decision to dismiss without prejudice this action under section 1915(g).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Petitioner may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 31st day of October, 2019.

　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　United States District Judge